1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SANDEEP SINGH, | ) | 1:06-CV-01883 OWW JMD HC |
| Petitioner, | )<br>)<br>) | |
| v. | )<br>)<br>) | FINDINGS AND RECOMMENDATION<br>REGARDING RESPONDENT'S MOTION<br>TO DISMISS |
| ALBERTO GONZALES, et al., | ) | [Doc. #13] |
| Respondents. | )<br>)<br>) | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  At the time the petition was filed, Petitioner was in the custody of the United States Bureau of Immigrations and Naturalization Service ("INS") at the Kern County Jail.  The petition alleges that the INS' detention of Petitioner is in violation of the Constitution and that his detention exceeds the agency's statutory authority.

On July 3, 2007, Respondent filed a motion to dismiss the petition as moot.  Respondent argued that the case was moot since Petitioner had been offered release from custody in the form of a reduced Release on Bond.

On September 19, 2008, the undersigned ordered an update on the status of the case. Respondent provided the Court with records showing that Petitioner was released pursuant to posting bond on August 9, 2008.  Respondent renewed their previous motion to dismiss the case as moot. Petitioner has not filed an opposition to the instant or previous motion to dismiss.  Additionally, Petitioner has not provided the court with an updates address since his release in August.

Because Petitioner has already been granted the relief he requested, the case is now moot. The case or controversy requirement of Article III of the Federal Constitution deprives the Court of

U.S. District Court
E. D. California

1

1   jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373,

2   374-75 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir.

3   1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a

4   legally cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181,

5   1183 (1984).  The Federal Court is "without power to decide questions that cannot affect the rights

6   of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971)

7   *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464

8   (1937).

9                                    **RECOMMENDATION**

10          Accordingly, the Court HEREBY RECOMMENDS that the Respondent's motion to dismiss

11   be GRANTED and the petition for writ of habeas corpus be DISMISSED as moot.

12          This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United

13   States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

14   72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

15   California.

16          Within thirty (30) days after being served with a copy, any party may file written objections

17   with the court and serve a copy on all parties.  Such a document should be captioned "Objections to

18   Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

19   filed within ten (10) court days (plus three days if served by mail) after service of the objections.

20   The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

21   parties are advised that failure to file objections within the specified time may waive the right to

22   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23

24   IT IS SO ORDERED.

25   **Dated:    October 22, 2008                    /s/ John M. Dixon                **
                                           UNITED STATES MAGISTRATE JUDGE

26

27

28